IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT EDGAR DYLESKI,           No. C-12-5336 SI

      Petitioner,                     **ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

  v.

RANDY GROUNDS, Warden of the Salinas Valley State Prison, and MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,

      Respondents.
                                       /

Scott Edgar Dyleski, an inmate currently incarcerated at Salinas Valley State Prison, through his attorney filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His request to stay proceedings and hold the petition in abeyance is also now before the Court.

**BACKGROUND**

The petition and attachments thereto provide the following information: Dyleski was convicted in Contra Costa County Superior Court of first degree murder and was sentenced on September 26, 2006, to life in prison without the possibility of parole. Dyleski appealed. On appeal, his conviction was affirmed by the California Court of Appeal and the California Supreme Court denied his petition for review. The U.S. Supreme Court denied *certiorari* on May 24, 2010, which triggered the one year period of limitation on Dyleski's right to seek federal habeas corpus relief under 28 U.S.C. § 2244(d)(1)(A).

On May 23, 2011, 364 days later, Dyleski filed a petition for writ of habeas corpus in Contra Costa County Superior Court, thereby tolling the one year limitation period until the California courts issue a final decision. On October 2, 2012, Dyleski filed his petition in the California Supreme Court, where he awaits a decision. On October 16, 2012, Dyleski filed a petition for a writ of habeas corpus in this Court. Because the California Supreme Court had not issued a decision on all of his claims prior to his filing in this Court, at least some of Dyleski's claims appear to be "unexhausted" within the meaning of 28 U.S.C. § 254(b)(1)(A). Therefore, Dyleski has also moved for a stay.

**DISCUSSION**

A.   Review of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) his trial court counsel's failure to investigate the facts of the case and present meritorious defenses deprived him of his right to due process and effective assistance of counsel; (2) the prosecutor's improper actions rendered his trial fundamentally unfair thereby depriving him of due process; (3) his appellate counsel's failure to sufficiently review the record and present available, meritorious defenses deprived him or his right to due process and effective assistance of counsel; (4) the combination of the first three claims resulted in a miscarriage of justice in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution; and (5) California Penal Code § 190.5 is unconstitutionally vague, favors life without parole sentences over more lenient sentences, and fails to provide sentencing discretion in violation of Dyleski's Fifth, Sixth, and Eighth Amendment rights. Liberally construed, the claims appear to be cognizable in a federal habeas action.

2

B. <u>Motion For Stay</u>

Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), Dyleski requests a stay of these proceedings so that he may exhaust his claims in the California Supreme Court. Additionally, because Dyleski waited 364 days to file his collateral appeal in California State Court, without a stay here Dyleski would only have only one (1) day to re-file or amend his federal habeas petition in this Court if the California Supreme Court denies relief. *See* 28 U.S.C. § 2244(d)(2) (excluding time during which a properly filed application for state post-conviction of other collateral view is pending from the one year limitation period established under 28 U.S.C. § 2244(d)(1)(A)).

A stay under *Rhines* "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Rhines*, 544 U.S. at 277-78. Any such stay must be limited in time to avoid indefinite delay. *Id.* The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277.

The Court concludes that Dyleski satisfies the requirements for a *Rhines* stay. Accordingly, the Court GRANTS the motion to stay.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief. The court will not order a response from respondent at this time because the action is being stayed so that Dyleski can exhaust state court remedies for additional claims.

2. The clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon respondents and respondents' attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner's counsel.

1    3.    Petitioner's motion to stay is GRANTED. (Docket No. 4)

4. This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Dyleski exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the Court's stay and amend his petition to add any new claims. Dyleski must return to federal court within thirty days of a final decision by the state courts on the unexhausted claims. Dyleski must act diligently to get his state court petition resolved and must return to federal court within thirty days of a final decision by the state courts on the unexhausted claims.

**IT IS SO ORDERED.**

Dated: November 8, 2012

SUSAN ILLSTON
United States District Judge