IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EDGAR DYLESKI, | No. C-12-5336 SI |
| Petitioner, | **ORDER LIFTING STAY, REOPENING CASE AND REQUIRING RESPONDENT TO SHOW CAUSE** |
| v. | |
| RANDY GROUNDS, Warden of the Salinas Valley State Prison, and MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, | |
| Respondents. | |

Petitioner Scott Edgar Dyleski, a prisoner at the Salinas Valley State Prison, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was assisted in preparing the petition by his attorneys, Sara Zalkin and Katherine Hallinan. This case was stayed so that petitioner could exhaust his claims in the California Supreme Court. The California Supreme Court denied his petition on March 13, 2013, without prejudice to the filing of an original petition in the Superior Court for any relief to which he may be entitled by the California Supreme Court's resolution of *People v. Gutierrez*, S206365 and *People v Moffett*, S206771. Petitioner has no additional claims to present at this time, and now moves to lift the stay and reopen this action.

**BACKGROUND**

On September 26, 2006, Petitioner was convicted of first-degree murder and sentenced to life in prison without the possibility of parole. His conviction was affirmed on direct appeal and a petition for review was denied by the California Supreme Court. The United States Supreme Court denied certiorari on May 24, 2010, triggering the one-year limitations period under 28 U.S.C. § 2244(d)(1)(A).

**DISCUSSION**

As grounds for federal habeas relief, petitioner asserts the following claims: (1) trial counsel's failure to investigate the facts of the case and present meritorious defenses deprived him of his right to due process and effective assistance of counsel; (2) the prosecutor's improper actions rendered his trial fundamentally unfair, thereby depriving him of due process; (3) appellate counsel's failure to sufficiently review the record and present available, meritorious defenses deprived him of his right to due process and effective assistance of counsel; (4) the combination of the first three claims resulted in a miscarriage of justice in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution; and (5) California Penal Code § 190.5 is unconstitutionally vague, favors life without parole sentences over more lenient sentences, and fails to provide sentencing discretion in violation of petitioner's Fifth, Sixth, and Eighth Amendment rights. Liberally construed, petitioner's claims are sufficient to require a response.

**CONCLUSION**

1. The Motion to Lift the Stay (Docket No. 7) is **GRANTED**, the stay is **LIFTED** and the case is **REOPENED**.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, **SHOWING CAUSE** why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set

forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 6, 2013

SUSAN ILLSTON
United States District Judge